## BOWLES, Administrator, O. P. A., v. KITMAN.

### No. 4198.

District Court, W. D. Pennsylvania.
June 25, 1945.

John A. Metz, Jr., Dist. Enforcement Atty., Thomas F. Garrahan, Chief Fuel and Consumer Goods Unit, and A. Morris Ginsburg, Enforcement Atty., all of Pittsburgh, Pa., for plaintiff.

Benjamin H. Rosen, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

This matter having come on for hearing on plaintiff's motion for preliminary injunction, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. Since April 15, 1944, defendant, Irwin Kitman, trading as Forbes Electrical Appliance Company, has been engaged in the business of selling used household mechanical refrigerators, used domestic washing machines and other household commodities at retail, and of repairing electrical appliances, in the City of Pittsburgh, County of Allegheny, Commonwealth of Pennsylvania, within the jurisdiction of this Court, and in the conducting of said business is and has been subject to the provisions of Revised Maximum

Price Regulation 139, Maximmum Price Regulation 372 and Revised Maximum Price Regulation 165, as amended.

2. In the operations referred to in paragraph 1 hereof,

(1) Defendant has failed to attach a tag to the commodities he offers for sale, as provided for in Section 6 of RMPR 139 and Section 12 of MPR 372, as amended;

(2) Defendant has failed to give the purchaser a written guarantee for the reconditioned commodities he sold, as provided for in Section 3(c) of RMPR 139 and Section 3(c) of MPR 372, as amended;

(3) Defendant has failed to file a proper statement of his maximum prices, rates and pricing methods as provided for in Section 14(b) of RMPR 165, as amended.

3. Since July 1, 1944, the defendant has sold and delivered at retail, used household mechanical refrigerators and a used domestic washing machine at prices higher than the maximum prices permitted for the same by the applicable regulations hereinbefore recited.

4. The defendant, on or about July 29, 1944, sold at retail, one used Voss washing machine, E–59, for $75, which was $65 over the ceiling price, and one used Grisby-Grunow refrigerator, Model 140, for $75, which was $63 over the ceiling price.

5. The defendant, on or about February 24, 1945, sold at retail, one used household mechanical refrigerator, Frigidaire model AP–6, 1929, for $142.30, which was $132.80 over the ceiling price.

### Conclusions of Law

I. Jurisdiction of this action is conferred upon this Court by Section 205(c) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix § 925(c).

II. Defendant has violated the provisions of RMPR 139, MPR 372 and RMPR 165, as amended, by failing to affix tags to commodities he has for sale, by failing to give purchasers written guarantees for the reconditioned commodities he sold, by failing to file a proper statement of his maximum prices, and by selling used mechanical refrigerators and a used domestic washing machine at prices higher than the maximum prices permitted by the applicable regulations.

III. A preliminary injunction, as prayed for by plaintiff, is required to prevent further violations of the Act and Regulations.

And now the motion of counsel for Chester Bowles, Administrator, Office of Price Administration, for a preliminary injunction having come on to be heard, upon consideration thereof it is ordered, adjudged and decreed that said motion be, and hereby is, granted, and that the defendant be directed forthwith,

(1) To attach a tag to the commodities he offers for sale as provided by Section 6 of Revised Maximum Price Regulation 139 and Section 12 of Maximum Price Regulation 372, as amended.

(2) To give a written guarantee, to the purchasers for the reconditioned commodities which he sells, as provided for by Section 3(c) of Revised Maximum Price Regulation 139 and Section 3(c) of Maximum Price Regulation 372, as amended.

(3) To file a proper statement of his maximum prices, rates and pricing methods as provided for by Section 14(b) of Revised Maximum Price Regulation 165.

It is further ordered that defendant be restrained from engaging in or causing any of the following acts or omissions to act:

(1) Selling, delivering or offering to sell or deliver any household commodities or repairing any electrical appliances, as covered by Revised Maximum Price Regulation 139, Maximum Price Regulation 372 and Revised Maximum Price Regulation 165, as amended, unless and until the defendant first complies with the directions contained in the demands designated "A" immediately above; and

(2) Directly or indirectly selling, delivering or offering to sell or deliver any household commodities, or repairing any electrical appliances, at prices in excess of the maximum price permitted by Revised Maximum Price Regulation 139, Maximum Price Regulation 372, and Revised Maximum Price Regulation 165, as amended, or hereafter amended, or by any other regulation promulgated by the Office of Price Administration giving the maximum prices for household commodities and for said repair services; and

(3) Doing or omitting to do any other act in violation of Revised Maximum Price Regulation 139, Maximum Price Regulation 372 and Revised Maximum Price Regulation 165, as amended; and

(4) Offering, soliciting, attempting or agreeing to do any of the foregoing;

(5) Otherwise violating the Emergency Price Control Act of 1942, as amended.